# Exhibit 1

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| BLUEFLY ACQUISITION, LLC, ) | |
| ) | Case No. 19-10207 (JTD) |
| Debtor. ) | |
| ) | |

## STIPULATION AND AGREEMENT RESOLVING CLAIM OF TOTAL FASHION, INC.

This Stipulation and Agreement Resolving Claim (the "Stipulation") is made between the Chapter 7 trustee (the "Trustee") for the estate of Bluefly Acquisition, LLC, ("Bluefly" or "Debtor") and Total Fashion, Inc. ("TFI"), by their respective undersigned counsel.

### Background

1. On February 1, 2019, the Debtor filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

2. Jeoffrey L. Burtch was appointed as interim trustee on or about February 1, 2019 pursuant to Section 701 of the Bankruptcy Code and presently serves as the trustee ("Trustee") pursuant to Section 702(d) of the Bankruptcy Code.

3. On March 18, 2019, Debtor's secured lender, TFI, obtained an order granting it relief from the automatic stay to pursue a receivership action in order to liquidate its collateral [D.I. 32].

4. On February 20, 2019, TFI filed Claim No. 4 in the amount of $8,613,050.81 asserted as a secured claim.

**Agreement**

5. The Trustee and TFI have agreed to resolve the claim as described below:

6. TFI shall have an allowed claim, Claim No. 4. Claim No. 4 shall be allowed in the amount of $7,402,188.55 as a general unsecured claim (the "Allowed Claim").

7. Any distribution on the Allowed Claim will be stated in the Trustee's Final Report and will be made pro rata with all other similarly classified allowed claims in the case after that Final Report is filed with and approved by the Delaware Bankruptcy Court.

8. This Stipulation and all of its provisions are subject to approval of the United States Bankruptcy Court. The Bankruptcy Court shall retain jurisdiction to interpret and enforce the terms and provisions of this Agreement.

9. No alteration, amendment, change, waiver, termination or other modification of this Stipulation shall be binding upon any party hereto or have any other force or effect unless the same shall be in writing and signed by each of the parties hereto.

10. This Stipulation may be executed in one or more counterparts, each of which when so executed and delivered shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

11. The parties to this Stipulation acknowledge that this Stipulation is made for the purpose of providing for the efficient administration of this Chapter 7 case. Nothing contained herein shall constitute an admission of any fact or prejudice any question of law with respect to the subject matter of this Stipulation. In the event this Stipulation is not approved by the Court, nothing contained herein shall constitute or be deemed to constitute an admission by any party to this Stipulation.

| | |
|---|---|
| For<br>Jeoffrey L. Burtch, solely in his capacity<br>as the Chapter 7 Trustee for the Debtor | For<br>Total Fashion, Inc. |
| */s/ M. Claire McCudden*<br>Susan E. Kaufman (DE Bar No. 3381)<br>M. Claire McCudden (DE Bar No. 5036)<br>The Law Office of Susan E. Kaufman, LLC<br>919 N Market St, Suite 460<br>Wilmington, DE 19801<br>Telephone: (302) 472-7420<br>Facsimile: (302) 792-7420<br>Email: skaufman@skaufmanlaw.com<br>cmccudden@skaufmanlaw.com | */s/ Christopher A. Ward*<br>Christopher A. Ward (Del. Bar No. 3877)<br>Polsinelli PC<br>222 Delaware Ave, Suite 1101<br>Wilmington, DE 19801<br>Telephone: 302.252.0920<br>Facsimile: 302.252.0921<br>Email: cward@polsinelli.com |
| Dated: 11/28/22 | Dated: 11/28/22 |